UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
https://www.flsb.uscourts.gov/

In re:                                                                                      Chapter 11

MP Complete Solutions, LLC,                                           Case No. 25-19098-PDR

      Debtor.                                                                        Subchapter V
_____/

**UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE, OR, IN
THE ALTERNATIVE, CONVERT CASE TO A CASE UNDER CHAPTER 7**

Guy A. Van Baalen the Acting United States trustee for Region 21 (the "UST"), requests dismissal or conversion of this case filed by MP Complete Solutions, LLC (the "Debtor") for cause under § 1112(b)(1) because the Debtor has not timely complied with the financial reporting requirements and did not file a plan of reorganization no later than 90 days after the order for relief was issued. In support, the UST states:

## BACKGROUND

1. The Debtor petitioned for relief under chapter 11, subchapter V, on August 6, 2025.

2. Linda Leali was appointed as the subchapter V trustee on August 8, 2025.

3. The Debtor was required under § 1189 to file a plan of reorganization on or before Tuesday, November 4, 2025.

4. The Debtor has not filed a single monthly operating report.

## LEGAL ARGUMENT

5. A chapter 11 case must be dismissed or converted for cause under § 1112(b)(1), whichever is in the best interest of creditors and the estate, unless the appointment of a chapter 11 trustee is in the best interest of creditors and the estate or the exception under § 1112(b)(2) applies. *See* 11 U.S.C. § 1112(b).

6. Section 1112(b)(4) contains a list of non-exhaustive factors that constitute cause for conversion or dismissal. *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984).

7. The court may consider additional factors when determining whether cause for dismissal or conversion exists, including a debtor's bad faith, and this determination is subject to judicial discretion based upon the circumstances of the case. *Id.*; *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988).

8. The court should dismiss or convert this case under § 1112(b)(4)(F) because the Debtor has inexcusably failed to timely file monthly operating reports and under § 1112(b)(4)(J) and because the Debtor failed to file a plan no later than 90 days after the order for relief was issued.

9. The Debtor's unexcused failure to timely satisfy any filing or reporting requirement established by the Bankruptcy Code or any rule applicable to a case under chapter 11 is a listed statutory reason to establish cause for dismissal or conversion. 11 U.S.C. § 1112(b)(4)(F).

10. The Debtor was required, but failed, to file monthly operating reports for August 2025 and September 2025 by the 21st day of the month immediately following each respective month under 28 C.F.R. § 58.8(e).

11. Such statute, titled Uniform Periodic Reports in Cases Filed Under Chapter 11 of Title 11, provides:

> (e) Deadlines for filing and submitting MOR. The MOR must be filed with the court and submitted to the United States Trustee on a monthly basis. Unless otherwise provided by local rule, each MOR must be filed by no later than the 21st day of the month immediately following the reporting period covered by the MOR. The MOR must be filed every month until one of the following occurs:
>
> (1) The effective date of a confirmed plan of reorganization;
> (2) The conversion of the case to a case under another chapter; or
> (3) The dismissal of the case.

12. Thus, cause for dismissal or conversion exists under § 1112(b)(4)(F).

13. Moreover, cause is present under § 1112(b)(4)(J) due to the Debtor's failure to file a plan of reorganization within 90 days after the date of the order for relief.

14. As the Debtor elected to proceed under subchapter V, the Debtor was required to file a plan of reorganization within 90 days after the date of the order for relief (i.e., on or before November 6, 2025) under § 1189(b).

15. Such statute provides:

(b) Deadline.—

The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable.

16. The Debtor failed to file a plan of reorganization within 90 days after the date of the order for relief, and the Debtor never requested nor obtained an extension of the deadline to file a plan of reorganization under § 1190(2), which authorizes the court to grant an extension of time to file a plan "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1190(2).

17. Thus, cause for dismissal or conversion exists under § 1112(b)(4)(J).

18. Due to the lack of financial reporting, the UST cannot accurately determine whether dismissal or conversion would be in the best interest of creditors based on the present financial condition of the Debtor.

19. However, the Debtor's schedules shows that the Debtor's real property is completely encumbered by a secured claim that exceeds the value of the property and that the unsecured creditor body is not voluminous in number (5) or amount ($8,520.96). [Dkt. No. 1 at p. 14-17].

20.     Based upon this information, the UST submits that dismissal, not conversion, would be in the best interest of creditors and the estate, because dismissal would not create a situation where creditors would need to "race to the courthouse" to obtain relief on their claims.

WHEREFORE, the UST respectfully requests the Court to dismiss or convert this case for cause under § 1112(b)(1) and grant any further relief deemed just, equitable, and proper.

Guy A. Van Baalen
Acting United States trustee for Region 21

*/s/ John Schank*
John Schank
Florida Bar No. 1002828
john.s.schank@usdoj.gov
Office of the United States Trustee
51 SW 1st Ave, Suite 1204
Miami, FL 33130
(305) 536-7285